Donald L. JOYNER, Plaintiff,

v.

Otis R. BOWEN,[1] Secretary of Health and Human Services, Defendant.

No. CIV–84–1331E.

United States District Court,
W.D. New York.

Nov. 29, 1988.

Harvey Rogers, Buffalo, N.Y., for plaintiff.

Jacqueline Stover, Asst. U.S. Atty., Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a final decision by the Secretary of Health and Human Services ("the Secretary") denying his application for Social Security disability benefits. In an Order filed March 4, 1987 this Court confirmed the Report and Recommendation of United States Magistrate Edmund F. Maxwell—to whom the case had been referred pursuant to 28 U.S.C. § 636(b)(1)(B)—which recommended that the Secretary's decision be reversed and the case remanded solely for the calculation of benefits. Upon remand the plaintiff was awarded past-due benefits in the amount of $26,056.90. The plaintiff's attorney now moves for an award of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b)(1).

Pursuant to section 406(b)(1) a court, in its discretion, may award reasonable attorney's fees for the successful representation of a plaintiff before it in a matter such as this, said fees not to exceed twenty-five percent of the past-due benefits. A copy of a letter from the Department of Health and Human Services states that the Social Security Administration is withholding $6,514.22 from which to satisfy any awards of attorney's fees, said amount representing twenty-five percent of the past-due benefits.

---

1. Such defendant is hereby ORDERED substituted for defendant Margaret M. Heckler pursuant to Fed.R.Civ.P. rule 25(d).

The plaintiff's attorney has submitted an affidavit and an itemization of the time spent and the services rendered in this action. He avers that he expended 14.8 hours representing the plaintiff and that he believes that the hourly fee for an attorney in the local bar with similar experience and training is $125 to $150. He then requests, however, that he be awarded the total amount of past-due benefits being withheld —viz., $6,514.22. This request equates to an hourly fee of $440.15, which is not only excessive but unconscionable in this case and probably in the vast majority of cases. He submits a number of justifications for his request, each of which this Court finds unacceptable, plus a letter from the plaintiff which states that he should receive such a fee.

■■■ In determining a reasonable fee under the Social Security Act a court should consider a number of factors—viz., time and labor required, the difficulty of the questions presented, the skill required to handle such questions, the attorney's experience, his ability and reputation, the benefits awarded to the client, the contingency of the fee, the customary fees charged for such services, the amount involved and, occasionally, any dearth in the area of attorneys competent to handle such matters. *Allen v. Heckler*, 588 F.Supp. 1247, 1249–1250 (W.D.N.Y.1984). Even looking at these factors in the light most favorable to the present attorney, none of them justifies the exorbitant and totally unreasonable fee requested. An award of twenty-five percent of the past-due benefits is by no means automatic. This Court, in its discretion, may and should award a reasonable fee.

This Court finds, after a review of the record and with the relevant considerations in mind, that a reasonable hourly fee in this case is the $75 per hour rate allowed under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(2)(A). This amounts to an award of $1,110. Such a fee is by no means a "sanction" for what this Court believes

was a totally unreasonable request by the plaintiff's attorney; it is strictly a reasonable fee based on this Court's review of the time and services rendered.[2]

Accordingly, attorney's fees in the amount of $1,110 are hereby ORDERED granted.

---

**2.** It should be noted, however, that this Court considers it well within its discretion and powers to refuse to allow any fee, given any such overreaching and unconscionable and "grubby" action on the part of any attorney admitted to the bar of this Court.