**James L. KIMBALL, Plaintiff,**

v.

**Donna E. SHALALA, Secretary of Health and Human Services, Defendant.**

Civ. No. 91–313–P–C.

United States District Court,
D. Maine.

July 1, 1993.

Toby H. Hollander, Lewiston, ME, for plaintiff.

David R. Collins, Asst. U.S. Atty., Portland, ME, Thomas D. Ramsey, Boston, MA, for defendant.

GENE CARTER, Chief Judge.

## MEMORANDUM OF DECISION AND ORDER

In the case at bar, Plaintiff submitted a Motion for Attorney's Fees (Docket No. 16), with supporting memorandum and documentation (Docket No. 17) seeking a total of $8,463.84 in fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A) ("the EAJA"), and the Social Security Act, 42 U.S.C. § 406(a). Defendant opposes the motion (Docket No. 19).

### ANALYSIS

Plaintiff filed this case seeking review of the Administrative Law Judge's determination that Plaintiff was engaged in "substantial gainful employment" and thus was ineligible for disability benefits (Complaint, Docket No. 1). Citing insufficient evidence, Magistrate Judge Cohen vacated the Secretary's decision and remanded the case for further proceedings (Docket No. 6). This Court approved the Magistrate's Recommended Decision (Docket No. 7). Upon remand, the Administrative Law Judge found that Plaintiff has been under a qualifying disability since October 30, 1985. Plaintiff's Motion for Entry of Final Judgment (Docket No. 13 at 1). On March 3, 1993, this Court entered final judgment (Docket No. 15) declaring Plaintiff the prevailing party in its suit against the Secretary of the Department of Health and

Human Services. The Court also ruled that the decision of the Defendant Secretary, that Plaintiff has been disabled since October 30, 1989, is final.

Plaintiff moves for counsel fees under two different statutory provisions: the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), and the Social Security Act, 42 U.S.C. § 406(a). This Court will analyze the propriety of fees under each statute separately.

## I. ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

### A. HOURLY RATE

■ The Equal Access to Justice Act, 28 U.S.C. § 2412(b), allows for recovery of "reasonable fees and expenses of attorneys" by the prevailing party in any civil action brought against any agency or official of the United States acting in his or her official capacity. 28 U.S.C. § 2412(b) (Supp.1993). The Court notes that the EAJA precludes Plaintiff's entitlement to attorney's fees if the government's position was "substantially justified" or if "special circumstances" make an award unjust. *Trinidad v. Secretary of Health and Human Services,* 935 F.2d 13, 15 (1st Cir.1991). In the case at bar, the Government has neither argued nor made a showing that its position was substantially justified or that special circumstances apply herein. Hence, the Court finds that neither substantial justification nor special circumstances exist which would make a fee award in this case "unjust." *Doucette v. Sullivan,* 785 F.Supp. 1056, 1059–60 (D.Me.1992). In addition, Defendants do not dispute that Plaintiff is the prevailing party in this action. Thus, the only issue facing this Court under the EAJA is the reasonableness of Plaintiff's fee request.

■ The Supreme Court has written that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"—what has since become known as the "lodestar." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 564, 106 S.Ct. 3088, 3097, 92 L.Ed.2d 439 (1986). Title 28 United States Code section 2412(d)(2)(A) provides in relevant part:

attorney fees shall not be awarded in excess of $75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Supp.1993). Plaintiff's counsel asks this Court to increase the hourly fee to $125 in order to reflect a cost-of-living increase, the nature of the case, the indigence of the client when representation was undertaken, and the case's unique procedural setting. Plaintiff's Memorandum In Support of its Motion for Attorney's Fees (Docket No. 17) at 4.

In *Pierce v. Underwood,* 487 U.S. 552, 572–74, 108 S.Ct. 2541, 2553–55, 101 L.Ed.2d 490 (1988), the Supreme Court wrestled with the question of when it is appropriate for a fee in excess of $75 per hour to be awarded under the EAJA. The Court explained that the "special factor" language of the statute suggests that "Congress thought that $75 an hour was generally quite enough public reimbursement for lawyers' fees, whatever the local or national market might be." *Id.* at 572, 108 S.Ct. at 2554. Although declining to list specifically other items that might constitute "special factors" envisioned by the statutory exception, the Supreme Court ruled out as special factors those items relied upon by the district court in *Pierce,* including: the novelty and difficulty of issues, the undesirability of the case, the work and ability of counsel, the results obtained, customary fees and awards in other cases, and the contingent nature of the fee. *Id.* at 573, 108 S.Ct. at 2554. In so doing, the Court noted that many of these factors are broadly applicable and, as such, do not constitute "special factors" warranting departure from the statutory $75 per hour cap. *Id.* Given the Supreme Court's ruling, this Court rejects the arguments put forth by Plaintiff's counsel urging the existence of "special factors" in the case at bar. The Court holds that there are no special factors in this case under the statute which would warrant a departure

from the EAJA's hourly cap on attorney's fees.

■ The EAJA does, however, allow for adjusting the hourly cap upwards based upon the cost of living. 28 U.S.C. § 2412(d)(2)(A) (Supp.1993); *Sierra Club v. Secretary of the Army,* 820 F.2d 513, 523 (1st Cir.1987); *We Who Care, Inc. v. Sullivan,* 781 F.Supp. 57, 60 (D.Me.1991). Plaintiff submitted the consumer price indices for all urban areas, northeast urban areas, and attorney fees generally, and argues that under the regional consumer price index, an hourly fee of $126.83 would be appropriate in this case. Plaintiff's Motion for Attorney's Fees (Docket No. 16) at 3–4 and Exhibits 4A–4C. This Court agrees that it is proper in this case for the hourly fee to reflect the demonstrated rising cost of living, although not to the extent requested by Plaintiff's counsel. In order to reflect what it considers to be a reasonable cost-of-living adjustment, this Court will award Plaintiff's counsel fees at the rate of $100 per hour.

### B. COMPENSABLE HOURS

■ Plaintiff's counsel submits his compensation request for a total of 33.5 hours. Defendant argues that certain hours should not be reimbursed at the rate requested or at the statutory minimum as they entail little substantive analysis or other "core" legal

work. *Trinidad,* 935 F.2d at 17–18; *See* Defendant's Memorandum in Support of Its Opposition to Plaintiff's Application for Attorney's Fees (Docket No. 19) at 7. This Court agrees with Defendant's argument. Having carefully examined the itemization submitted by Plaintiff's counsel, the Court has identified 1.85 such "non-core" hours, virtually all of which were spent on what this Court considers basic nonlegal correspondence for which it would be improper to charge a client at the usual hourly rate.[1] Hence, for these 1.85 hours, Plaintiff's counsel will be reimbursed at $50, half the usual hourly rate.

■ In addition, the Court notes that a disproportionately high number of hours were spent on fee preparation (9 of the 33.5 total hours billed, thus approximately 27% of the total time spent on the case). Hence, this Court will disregard 7.0 of such hours, allowing a total of 2.0 hours to be billed for fee preparation. Otherwise, the Court is satisfied that the remaining 24.65 hours billed by Plaintiff's counsel are neither excessive, redundant nor unnecessary and, as such, will be reimbursed fully.[2]

### C. COSTS

■ Finally, having reviewed Plaintiff's disbursement itemizations, the Court will disallow WESTLAW charges for research time

---

**1.** The Court included the following in its calculation of time spent on non-core legal work:

| 9/11/91 | correspondence to Client accepting case | .2 |
| 12/12/91 | correspondence to Client with enclosures | .2 |
| 2/3/92 | #correspondence to Client re: hearing schedule | .2 |
| 5/1/92 | #correspondence to Client re: hearing schedule | .1 |
| 6/1/92 | #correspondence to Client re: oral argument | .2 |
| 6/12/92 | correspondence to Client enclosing copy of report and decision of U.S. District Court | .1 |
| 7/8/92 | *correspondence to client enclosing [District Court Order] | .1 |
| 7/21/92 | #*letter to client with copy of [correspondence from OHA] | .1 |
| 7/23/92 | correspondence to Attorney Michael Bell with copy of Magistrate's decision | .1 |
| 7/31/92 | *correspondence to Client with copy of correspondence from ALJ | .05 |
| 8/18/92 | correspondence to Client re: attorney fees | .3 |
| 10/21/92 | #correspondence to Client re: hearing date | .2 |

(* denotes entries with two tasks, thus the Court cut the billed time in half to calculate time billed for correspondence)
(# denotes entries disallowed completely under the Social Security Act as legal work related to the administrative agency process)
Attachment to Plaintiff's Motion for Attorney's Fees ("Itemization of Time—*Kimball v. Sullivan* ") (Docket No. 16).

**2.** The Supreme Court held in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), that it is within a federal court's power under the EAJA to award a Social Security claimant attorney's fees for representation provided during administrative proceedings held pursuant to a district court order remanding the action to the Secretary. Hence, the hours billed

in the amount of $144.34, and "miscellaneous office expenses" in the amount of $12, as overhead costs which should be borne by Plaintiff. *Weinberger v. Great Northern Nekoosa Corp.*, 801 F.Supp. 804, 827–28 (D.Me. 1992).

Therefore, using the lodestar calculation, the total amount allowable for attorney's fees in this case under the EAJA is 24.65 hours at $100 per hour ($2,465), plus 1.85 hours at $50 per hour ($92.50), plus $120 for costs [3] for a total award of $2677.50 in fees under the EAJA.

## II.  ATTORNEY'S FEES UNDER THE SOCIAL SECURITY ACT

The Social Security Act also allows for recovery of reasonable attorneys' fees. Title 42 United States Code section 406(b)(1) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the Court by an attorney, the Court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the

past-due benefits to which the claimant is entitled by reason of such judgment.... 42 U.S.C. § 406(b)(1) (1991).

■ Defendant properly argues that the courts may not award Plaintiff counsel fees for any time billed for services at the administrative agency level. *Gardner v. Menendez*, 373 F.2d 488 (1st Cir.1967); *Rosado Vazquez v. Secretary of Health and Human Services*, 608 F.Supp. 346, 347 (D.P.R.1985). Such fees must be sought separately from the Secretary. *Gardner* at 490; 42 U.S.C. § 406(a). Therefore, upon careful review of Plaintiff's time records, this Court will disallow reimbursement for 9.45 hours billed for work at the administrative agency level.[4]

■ The parameters of the analysis of the "reasonableness" of fees sought under the Social Security Act are somewhat different from those under the EAJA in that the Social Security Act explicitly limits the fees awarded to 25% of the back-pay benefits. 42 U.S.C. § 406(b)(1). In the case at bar, Plaintiff and his counsel had a written agreement capping the amount of back award money that Plaintiff would pay to his attorney at $4,000. "Social Security Fee Agreement" dated August 20, 1992, attached to Plaintiff's

---

for work before the Agency need not be deducted.

**3.** The district court entry fee is $120.00.

**4.** The Court included the following in its calculation of time spent on administrative-agency-related expenses:

| | | |
|---|---|---|
| 2/3/92 | correspondence with Client re: hearing schedule | .2 |
| 5/1/92 | correspondence with Client re: hearing schedule | .1 |
| 5/29/92 | travel to court | .5 |
| | appearance at oral argument | 1.00 |
| 6/1/92 | correspondence with Client re: oral argument | .2 |
| 7/21/92 | review correspondence from Office of Hearings and Appeals ("OHA"); letter to Client w/copy of same | .2 |
| 7/31/92 | *review correspondence from the ALJ | .05 |
| 8/11/92 | correspondence to OHA | .1 |
| 8/13/92 | inspect file at OHA | .3 |
| 9/3/92 | review court order; copy to Client | .1 |
| 9/8/92 | telcon with Client re: psychiatric examination | .2 |
| 9/9/92 | inspect Social Security file | .5 |
| 9/16/92 | personal conference with Client re: psychiatric examination | .5 |
| 9/22/92 | telcon with DDS; telcon with OHA re: psychiatric examination | .3 |
| 9/23/92 | correspondence to ALJ Powell re: psychiatric examination; correspondence to Client re: same | .5 |
| 9/25/92 | correspondence to Client re: vocational report | .2 |
| 10/21/92 | correspondence to Client re: hearing date | .2 |
| 11/05/92 | review and preparation for hearing | 1.5 |
| | travel to/from administrative hearing | 1.3 |
| | attend hearing | 1.5 |

(* denotes entries with two tasks, thus the Court cut the billed time in half to calculate time billed for correspondence)

*See* footnote 1; Attachment to Plaintiff's Motion for Attorney's Fees ("Itemization of Time—*Kimball v. Sullivan*") (Docket No. 16).

Memorandum in Support of its Motion for Attorney's Fees (Docket No. 16). The Court notes that the $4,000 fee agreed to by the Plaintiff and counsel is far below the maximum allowable by statute in this case (25% of the back benefits paid of $35,299.35 is approximately $8,825). However, the Court is not required to give "blind deference" to a contractual fee agreement and must ultimately be responsible for fixing a reasonable fee for the judicial phase of the proceedings. *Ramos Colon v. Secretary of Health and Human Services*, 850 F.2d 24, 26 (1st Cir. 1988) (quoting *McKittrick v. Gardner*, 378 F.2d 872, 873 (4th Cir.1967).

In an effort to determine what is a reasonable fee under the Social Security Act, the Court will again rely on a lodestar calculation. Applying the lodestar to the fee award under the Social Security Act yields a different result from that reached under the EAJA. Again, Plaintiff seeks compensation for 33.5 total billable hours. The Court will apply the same billable rate of $100 per hour. The same deduction will be made for fee preparation time; thus, the Court will disregard 7 of the 9 hours billed for such services, allowing a total of 2 hours for fee preparation. In addition, 9.6 hours must be deducted for administrative-agency-related work, bringing the total amount of billable hours allowed under the Social Security Act down to 16.9. Finally, the number of hours billed for non-core legal work is 1.05 under the Social Security Act (1.85 minus .8 of such hours which were spent on agency-related legal work). *See, supra,* footnote 1. Such hours will be reimbursed at $50 per hour. Thus, the lodestar calculation under the Social Security Act results in an award of $1,585 (15.85 hours at $100 per hour) plus $52.50 (for 1.05 hours billed at $50 for non-core legal work), for a total of $1,637.50.

■ Some district courts have considered the following factors in determining the reasonableness of plaintiff's fees under the Social Security Act: the time and labor required; the novelty and difficulty of the questions posed; the skill required; the customary fee charged; whether the fee is contingent or fixed; the time limitations imposed upon the attorney; the amount in-

volved and the result obtained; the experience, reputation, and ability of the attorney; the nature and length of the professional relationship with the client; and awards in similar cases. *Krauss v. Bowen*, 738 F.Supp. 648, 651 (E.D.N.Y.1990); *Joyner v. Bowen*, 700 F.Supp. 1, 2 (W.D.N.Y.1988). However, this Court is not convinced that any of the above factors justifies elevating counsel fees in this case upwards from the fair and reasonable lodestar calculation. Furthermore, the contractual fee of $4,000 strikes the Court as excessive in light of the specific facts and legal work required in this case. Such assessment is based on the relative simplicity of the case and on the Court's knowledge, experience, and familiarity with the rates of attorneys recoverable on these cases.

Having considered the aforementioned factors, and in light of the grave disparity between the contractual fee amount of $4,000 and the lodestar calculation of $1,637.50 for the work performed on the present case, this Court finds that the appropriate attorney's fee award under the Social Security Act is $1,637.50.

## III. WHEN FEES ARE AWARDED UNDER BOTH THE EAJA AND THE SOCIAL SECURITY ACT

■ A codified note to 28 United States Code section 2412 (Supp.1993) states that where a claimant's attorney receives fees for the same work under both 42 United States Code section 406(b) and 28 United States Code section 2412(d), "the claimant's attorney refunds to the claimant the amount for the smaller fee." *See also Trinidad*, 935 F.2d at 16. In the case at bar, Plaintiff's attorney has been awarded $2,677.50 for fees under the EAJA and the Court has determined that an appropriate fee under the Social Security Act is $1,637.50. Given that the attorney's fees under the EAJA are higher than the fees under the Social Security Act, the Government must pay Plaintiff's counsel $2,677.50 in fees and Plaintiff is entitled to a refund of the entire amount withheld from his benefits for payment of counsel fees under the Social Security Act.

Accordingly, it is ORDERED that Plaintiff's Motion for Attorney's Fees be, and it is hereby, GRANTED in the amount of Two Thousand Six Hundred Seventy–Seven Dollars and Fifty Cents ($2,677.50). It is FURTHER ORDERED that Plaintiff be refunded the entire amount withheld from his benefits for payment of counsel fees under the Social Security Act.

So ORDERED.