Padula-Holewinski v. HHS                CV-91-716-SD  11/06/95

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE


Derelyn Padula-Holewinski


          v.                                    Civil No. 91-716-SD

Secretary of Health and Human Services


O R D E R


     This matter comes before the court on plaintiff Derelyn

Padula-Holewinski's Motion for Payment of Attorney's Fees from

Past-Due Benefits pursuant to 42 U.S.C. § 406(b)(1)(A) (Supp.

1995).  Defendant's objection is directed strictly to the amount

due, not the entitlement thereto.[1]


Background

     Plaintiff filed this action subsequent to the Administrative

Law Judge's (ALJ) determination, which was affirmed by the

Appeals Council, that plaintiff was not disabled within the

meaning of the Social Security Act.[2]  This court granted

_____

     [1]The court notes that plaintiff has further filed a
replication in response to defendant's objection.

     [2]For a more complete analysis of plaintiff's condition and
the underlying facts, see Padula-Holewinski v. HHS, No. 91-716-

plaintiff's motion to reverse the Secretary's decision, to the extent that the Secretary erred at Step 3 of the mandated analysis,[3] and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Upon remand, the ALJ ruled on September 23, 1994, that plaintiff was indeed disabled within the meaning of the Social Security Act and entered a decision in her favor. On January 24, 1995, this court, following the procedure outlined in Lenz v. Secretary, 641 F. Supp. 144 (D.N.H. 1986), clarified, modified, and reconsideration denied, 798 F. Supp. 69 (D.N.H. 1992),

---

SD, slip op. at 5-11 (D.N.H. Feb. 25, 1993).

[3]The "mandated analysis" is a five-step construct wherein the court considers the following:

(1) is claimant engaged in substantial gainful activity?; if so, a not disabled determination automatically ensues;
(2) does claimant have a severe impairment--an impairment which significantly limits his physical or mental capacity to perform basic work-related functions?; if not, the claimant is automatically not disabled;
(3) does the impairment meet or equal an impairment indicated in the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1?; if so, claimant is automatically disabled;
(4) does the impairment prevent claimant from performing past relevant work; if not, claimant is considered not disabled; and
(5) whether the impairment prevents claimant from doing any other work that exists in the national economy?; if not, claimant is determined to be not disabled.

20 C.F.R. § 404.1520(b)-(f); Goodermote v. Secretary, 690 F.2d 5, 7 (1st Cir. 1982).

2

reviewed the administrative decision indicating that plaintiff herein is entitled to benefits commencing June 29, 1988, and directed the clerk to enter final judgment, which was entered on that same day.

## Discussion

### 1. Recovery of Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1)(A)

"The Social Security Act . . . allows for recovery of reasonable attorneys' fees." Kimball v. Shalala, 826 F. Supp. 573, 577 (D. Me. 1993). However, "each tribunal may award fees only for the work done before it." Horenstein v. Secretary, 35 F.3d 261, 262 (6th Cir. 1994) (citing with approval Gardner v. Menendez, 373 F.2d 488, 490 (1st Cir. 1967)). Title 42 United States Code section 406(b)(1)(A) (Supp. 1995) provides, in relevant part,

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

This section has been recognized as "establish[ing] a separate standard for awarding fees for work performed in cases decided by

3

a judge [as opposed to work done before the Secretary] and that those fees may not be 'in excess of 25 percent of the total of the past-due benefits.'"  Horenstein, supra, 35 F.3d at 262.  Moreover,

> in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee-- limited to 25 percent of past-due benefits-- for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

Id.


### a.  Calculating the "Lodestar"

"When statutory exceptions pertain, [the First Circuit has] directed district courts, for the most part, to compute fees by using the time-and-rate-based lodestar method."  In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig., 56 F.3d 295, 305 (1st Cir. 1995) (citations omitted); Tennessee Gas Pipeline Co. v. 104 Acres of Land,  32 F.3d 632, 634 (1st Cir. 1994) ("'If an alternative method is not expressly dictated by applicable law, we have customarily found it best to calculate fees by means of the [lodestar] time and rate method . . . .'") (quoting Weinberger v. Great N. Nekoosa Corp., 925 F.2d 518, 526 (1st Cir. 1991)); Lipsett v. Blanco, 975 F.2d 934,

4

937 (1st Cir. 1992) ("Ordinarily, the trial court's starting point in fee-shifting cases is to calculate a lodestar; that is, to determine the base amount of the fee to which the prevailing party is entitled by multiplying the number of hours productively expended by counsel times a reasonable hourly rate.") (citation omitted).

> Typically, a court proceeds to compute the lodestar amount by ascertaining the time counsel actually spent on the case and then substract[ing] from that figure hours which were duplicative, unproductive, excessive, or otherwise unnecessary. The court then applies hourly rates to the constituent tasks, taking into account the prevailing rates in the community for comparably qualified attorneys. Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustment in certain circumstances.

Lipsett, supra, 975 F.2d at 937 (citations and internal quotation marks omitted). Accord In re Thirteen Appeals, supra, 56 F.3d at 305 ("A court arrives at the lodestar by determining the number of hours productively spent on the litigation and multiplying those hours by reasonable hourly rates.") (citations omitted). "In setting fees, the district court has broad discretion to determine 'how much was done, who did it, and how effectively the result was accomplished.'" Lipsett, supra, 975 F.2d at 939 (quoting Watermann v. Adams, 829 F.2d 196, 224 (1st Cir. 1987)).

Since "the courts may not award Plaintiff counsel fees for

5

any time billed for services at the administrative agency level," Kimball, supra, 826 F. Supp. at 577, the court begins its analysis by subtracting 17.50 hours from the 54.10 hours claimed, resulting in a remainder of 36.60 hours.[4] Of the 36.6 hours filled in successful pursuit of plaintiff's claim, Attorney O'Neil billed 18 hours and Attorney LaFrance billed 18.6 hours. However, the vast majority of Attorney LaFrance's time, 17 of the 18.6 hours billed, was expended in pursuit of the EAJA (Equal Access to Justice Act, 28 U.S.C. § 2412(b)) petition and other fee-recovery measures. Because this strikes the court as disproportionately high, especially considering that more time has been expended to recover the fee than to prevail on plaintiff's case before the court, the court herewith disallows 7.5 hours of Attorney LaFrance's time. Accordingly, 11.1 hours will be charged to Attorney LaFrance.

---

[4]Such administrative-agency-related expenditures include the following: 2/18/94 office conference 1.00 hr; 4/1/94 telephone conference .25 hr; 5/6/94 telephone call .25 hr; 5/11/94 office conference 1.50 hrs; 5/12/94 letter .25 hr; 5/13/94 letter .25 hr; 5/18/94 telephone conference .25 hr; 5/20/94 letter .50 hr; 7/21/94 letter .50 hr; 8/1/94 telephone conference .25 hr; 8/3/94 telephone conference .25 hr; 8/18/94 notification of hearing .25 hr; 8/29/94 office conference 1 hr; 9/12/94 telephone call .25 hr; 9/15/94 office conference 1 hr; 9/20/94 office conference 2 hrs; 9/21/94 research .5 hr; 9/21/94 telephone call 1.5 hrs; 9/22/94 office conference 5 hrs; 9/27/94 intra-office conference .25 hr; 9/27/94 telephone conference .25 hr; 9/27/94 intra-office conference .25 hr. Billing Statement for Professional Services Rendered at 1-2 (attached to Plaintiff's Motion for Payment of Fees.

Incorporating the time adjustments hereinabove made, the court finds and rules that the lodestar calculation yields a time figure of 29.10 hours.[5]  Since Attorney O'Neill's customary fee is $175 per hour and Attorney LaFrance's customary fee is $125 per hour, see Plaintiff's Replication Memorandum of Law at 5, the time and rate lodestar calculation under the Social Security Act results in an award of $4,537.50.[6]  Further incorporating a total of $386 in expenses previously disbursed by plaintiff's counsel in this matter results in a final lodestar figure of $4,923.50.

b.  Consideration of Contingent-Fee Agreement

In determining the reasonableness of fees awarded according to the lodestar method, the court can take into account the following factors, which include whether the fee was fixed or contingent,

> The time and labor required; the novelty and difficulty of the questions posed; the skill required; the customary fee charged; whether the fee is contingent or fixed; the time limitations imposed upon the attorney; the amount involved and the result obtained; the experience, reputation, and ability of the attorney; the nature and length of the

---

[5]This figure represents 18 hours of Attorney O'Neil's time plus 11.1 hours of Attorney LaFrance's time.

[6]Attorney O'Neill: 18 hours times $175/hr equals $3,150.00; Attorney LaFrance: 11.1 hours times $125/hr equals $1,387.50; total $4,537.50.

7

professional relationship with the client;
and awards in similar cases.

Kimball, supra, 826 F. Supp. at 578 (citations omitted); see also
Allen v. Shalala, 48 F.3d 456, 458-60 (9th Cir. 1995) ("court may
consider contingency, but only as one of many competing factors
in arriving at a reasonable fee"); Brown v. Sullivan, 917 F.2d
189, 193 (5th Cir. 1990) ("The novelty and complexity of the
litigated issues may be reflected in adjustments to the billable
hours, while the quality of the legal representation may warrant
adjustments in the hourly rate.").

Regarding plaintiff's counsel's statement, "Plaintiff and
counsel entered into a 25% contingency fee agreement at the time
Counsel undertook representation of Plaintiff and Plaintiff still
has no objection to the amount of attorneys' fees that she had
agreed to at the time of engaging her attorney," Plaintiff's
Replication at 3, plaintiff requests the court to approve the
entire 25 percent withholding as attorney's fees, see id. at 1
("The requested total fee and expenses of $10,092.50 in
connection with counsel's representation of the Plaintiff is not
excessive, but rather, is fair and reasonable compensation to
Plaintiff's counsel for the professional advice, representation
and services provided."). Under similar circumstances as here,
the First Circuit has admonished the district courts that even
where "an attorney can show that his client in a social security

8

disability case signed a contingency fee agreement, a court is not required to give 'blind deference' to the [] contractual fee agreement, and must ultimately be responsible for fixing a reasonable fee for the judicial phase of the proceedings." Ramos Colon v. Secretary, 850 F.2d 24, 26 (1st Cir. 1988) (per curiam) (quoting McKittrick v. Gardner, 378 F.2d 872, 873 (4th Cir. 1967)); accord Kimball, supra, 826 F. Supp. at 578.

That the lodestar figure represents a reasonable fee is a matter that is strongly presumed and thus "the fee applicant who seeks more than that [has] the burden of showing that 'such an adjustment is *necessary* to the determination of a reasonable fee.'" City of Burlington v. Daque, 505 U.S. 557, 562 (1992) (quoting Blum v. Stenson, 465 U.S. 886, 898 (1984) (emphasis added in Daque). This is so because

> an enhancement for contingency would likely duplicate in substantial part factors already subsumed in the lodestar. The risk of loss in a particular case (and, therefore, the attorney's contingent risk) is the product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits. The second factor, however, is ordinarily reflected in the lodestar--either in the higher number of hours expended to overcome the difficulty, or in the higher hourly rate of the attorney skilled and experienced enough to do so. Taking account of it again through lodestar enhancement amounts to double-counting.

Id. (citations omitted). "Contingency enhancement is therefore

9

not consistent with our general rejection of the contingent-fee model for fee awards, nor is it necessary to the determination of a reasonable fee." Id. at ___, 112 S. Ct. at 2643;[7] see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 566 (1986) ("the lodestar figure includes most, if not all, of the relevant factors constituting a 'reasonable' attorney's fee, and it is unnecessary to enhance the fee for superior performance in order to serve the statutory purpose of enabling plaintiffs to secure legal assistance").

The court finds and rules that none of the above-enumerated enhancement factors here apply, and thus counsel fees in this matter will not be elevated above the fair and reasonable sum acquired by means of the lodestar calculation. The court further recognizes the seemingly gross disparity between the amount plaintiff's counsel stood to receive pursuant to the contingent-fee agreement and the amount obtained by means of the lodestar calculation. However, as the court noted at the outset of its discussion. 17.5 of the total hours billed were for work done

_____

[7]Moreover, the "contingency enhancement" approach is a less desirable alternative given "the interest in ready administrability that has underlain [the] adoption of the lodestar approach . . . and the related interest in avoiding burdensome satellite litigation . . . . Contingency enhancement would make the setting of fees more complex and arbitrary, hence more unpredictable, and hence more litigable." Daque, supra, 505 U.S. at 566 (citations omitted).

before the Secretary, hours for which this court is unable to provide compensation.  See Horenstein, supra, 35 F.3d at 262.

Accordingly, it is the opinion of this court that the appropriate attorney's fee award under the Social Security Act, 42 U.S.C. § 406(b)(1)(A), for the work performed herein before it is $4,923.50.

## 2.  Effect of EAJA Settlement

When attorney's fees are awarded for the same work under both the EAJA and the Social Security Act, the claimant's attorney retains the larger fee and the claimant obtains a refund of the lesser amount.  See, e.g., Kimball, supra, 826 F. Supp. at 578 (noting fee refund conditions); Trinidad v. Secretary, 935 F.2d 13, 16 (1st Cir. 1991) (per curiam) ("double recovery is prevented in that the attorney must refund the amount of the smaller fee to the claimant").  Pursuant to a settlement agreement filed with this court on March 24, 1995, plaintiff's counsel received $5,000 as full satisfaction for any claim to attorney's fees under the EAJA.  See Settlement Agreement ¶ 2. As this court has herein ruled that plaintiff's counsel is entitled, pursuant to 42 U.S.C. § 406, to $4,923.50 for services rendered--this sum being less than that received under the EAJA-- the government must pay over to plaintiff's counsel the $5,000

11

settlement figure, and plaintiff is herewith entitled to a refund of the entire amount withheld from her benefits for payment of counsel's fees under the Social Security Act.

In consequence thereof, plaintiff's Motion for Payment of Attorney's Fees from Past Due Benefits under 42 U.S.C. § 406 (document 16) must be and herewith is granted in the amount of $4,923.50. As this figure is less than fees received pursuant to the EAJA, the court further finds and rules that plaintiff shall received as a refund the entire amount withheld from her benefits for payment of counsel fees under the Social Security Act.

Conclusion

For the reasons set forth herein, plaintiff's Motion for Payment of Attorney's Fees (document 16) is granted. Attorney's fees are awarded in the sum of $4,923.50 for all work performed before this court. As said amount is less than the fees recovered under the EAJA settlement agreement, the government shall pay to plaintiff's counsel the sum of $5,000 for attorney's fees and plaintiff shall receive the full amount withheld from her awarded benefits.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

November 6, 1995

cc:  A. Gerard O'Neil, Esq.
     US Attorney