Padula-Holewinski v. SSA                CV-91-716-SD  08/12/96
                    UNITED STATES DISTRICT COURT FOR THE

                        DISTRICT OF NEW HAMPSHIRE


Derelyn Padula-Holewinski


          v.                                    Civil No. 91-716-SD


Secretary of Health and Human Services[1]



                              O R D E R


     Presently before the court is plaintiff's motion to clarify

the order on payment of attorney's fees entered on November 6,

1995.

     In said order, the court found plaintiff's counsel to be

entitled to a fee award, under 42 U.S.C. § 406(b)(1)(A) (Supp.

1995),[2] of $4,923.50.  Order at 7.  Since plaintiff's counsel

_____

     [1]Pursuant to the Social Security Independence and Program
Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464
(effective March 31, 1995), the functions of the Secretary of
Health and Human Services in social security cases were
transferred to the Commissioner of Social Security.  This change
is reflected in the text, as appropriate.

     [2]This provision of the Social Security Act provides, in
part,

          Whenever a court renders a judgment favorable to
          a claimant under this subchapter who was
          represented before the court by an attorney, the
          court may determine and allow as part of its
          judgment a reasonable fee for such representation,

previously received $5,000 pursuant to a March 24, 1995, settlement agreement (document 17) for attorney's fees claimed under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1) (1994 and Supp. 1996),[3] the court ordered that "the government must pay over to plaintiff's counsel the $5,000 settlement figure, and plaintiff is herewith entitled to a refund of the entire amount withheld from her benefits for payment of counsel's fees under the Social Security Act."  Order at 12. See, e.g., Lombardo v. Secretary, 888 F. Supp. 209, 210 n.2 (D. Mass. 1994) ("Awards under the EAJA and § 406 are not mutually exclusive.  Judgments obtained under the EAJA may be credited to the plaintiff in the amount that § 406 payments are ordered."); Kimball v. Shalala, 826 F. Supp. 573, 578 (D. Me. 1993) ("where a

---

not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

[3]Under 28 U.S.C. § 2412(d)(1)(A),

Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

2

claimant's attorney receives fees for the same work under both 42 United States Code section 406(b) and 28 United States Code section 2412(d), 'the claimant's attorney refunds to the claimant the amount for the smaller fee.'" (citation omitted)).

The court noted, however, that it was without authority to award plaintiff's attorney any fees for time and services expended for representation at the administrative level. <u>See</u> Order at 6 (citing <u>Kimball</u>, <u>supra</u>, 826 F. Supp. at 577); <u>see also</u> <u>Gardner v. Menendez</u>, 373 F.2d 488, 490 (1st Cir. 1967) ("For services performed before the agency, the [Commissioner] may award appropriate counsel fees . . . . There is nothing singular in the fact that counsel who appears in two forums should apply to each for the aliquot part of his total fee."). Fees for such agency-level representation is thus a matter to be resolved by the Commissioner, but such payments are derived from the 25 percent past-due benefits withholding pool. <u>See</u> 42 U.S.C. § 406(a)(4)(A).[4]

---

[4]Pursuant to this provision of the Social Security Act,

> if the claimant is determined to be entitled to past-due benefits under this subchapter and the person representing the claimant is an attorney, the Commissioner of Social Security shall . . . certify for payment out of such past-due benefits . . . to such attorney an amount equal to so much of the maximum fee as does not exceed 25 percent of such past-due benefits . . . .

Such bifurcated recovery follows, in the usual course, a well-choreographed routine. "[I]n remand cases, a court will not rule on an application for fees for services before the court until the [Commissioner] has had an opportunity to rule on fees for services before him." 30 FEDERAL PROCEDURE, L. ED. § 71:31, at 517 (1985) (footnote omitted). Thus, the court "should not rule upon the application for a fee until the [Commissioner] has ruled." Caldwell v. Califano, 455 F. Supp. 1069, 1072 (N.D. Ala. 1978); accord Davis v. Secretary, 320 F. Supp. 1293, 1296 (N.D. Miss. 1970) ("counsel should apply to the [Commissioner] first, and then apply to the court only if the fee allowed by the [Commissioner] is for less than 25% of the benefits recovered by claimant.").

Here, however, plaintiff's counsel sought EAJA and section 406(b) fees prior to seeking compensation under section 406(a). The practical effect of such conduct is that (1) any fees awarded under section 406(a)(4)(A) will be from the 25 percent withholding pool already reduced by the $5,000 EAJA settlement, as the combined fees cannot exceed the 25 percent withholding, see, e.g., 30 FEDERAL PROCEDURE, supra, § 71:31, at 517 (the total fees awarded "for administrative and judicial representation, in toto, should not exceed the statutory limit of 25 percent of the net benefits recovered"); Morris v. Social Sec. Admin., 689 F.2d

4

495, 497 (4th Cir. 1982) ("after the 1968 amendment, neither the [Commissioner] nor the district court was authorized to approve an attorney's fee in excess of twenty-five percent of the successful claimant's past-due benefits"), and (2) the court's November 6, 1995, section 406(b) fee award is, in practical effect, a nullity, since the permissible fees awarded thereunder do not exceed the EAJA award and thus counsel is required to refund such smaller sum to the plaintiff, see Trinidad v. Secretary, 935 F.2d 13, 16 (1st Cir. 1991) ("the attorney must refund the amount of the smaller fee to the claimant").

Accordingly, that part of the court's November 6, 1995, order directing the immediate full refund of plaintiff's withheld benefits is vacated. Application for fees incurred at the agency level, both prior and subsequent to the sentence-four remand, shall be made forthwith, if not made previously. Although such fees are to be paid from the 25 percent withholding pool, only $5,092.50 remains available, by virtue of the $5,000 EAJA settlement, for attorney's fees disbursement from the 25 percent withholding pool.[5] The Commissioner shall award whatever fees are deemed appropriate under section 406(a)(4)(A); however, such amount shall not exceed the sum of $5,092.50. Following the

---

[5]The Social Security Administration withheld $10,092.50 as the 25 percent past-due benefits pool. See Plaintiff's Motion for Award of Fees under 42 U.S.C. § 406 ¶ 2.

5

Commissioner's determination, the balance of plaintiff's withheld benefits shall be refunded to her as soon as practicable.

SO ORDERED.

$\overline{\phantom{XXXXXXXXXXXXXXXXXXXXXXX}}$
Shane Devine, Senior Judge
United States District Court

August 12, 1996

cc:  A. Gerard O'Neil, Esq.
     David L. Broderick, Esq.

6