Morris CHERNOCK, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 15599.

United States Court of Appeals Third Circuit.

Argued March 7, 1966.

Decided May 18, 1966.

Morris Chernock, Philadelphia, Pa., pro se.

Robert V. Zener, Civ. Div., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., Drew J. T. O'Keefe, U. S. Atty., Morton Hollander, Atty., Dept. of Justice, Washington, D. C., on the brief), for appellee.

Before SMITH and FREEDMAN, Circuit Judges, and MILLER, District Judge.

JOHN L. MILLER, District Judge.

Appellant, an attorney-at-law, filed this action seeking judicial review of a Social Security hearing examiner's order setting his fee for representation of a claimant before the hearing examiner. He alleged jurisdiction under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g),[1] and Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009.[2]

1. "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, * * * may obtain a review of such decision * * *" 42 U.S.C. § 405(g).

2. "Except so far as (1) statutes preclude judicial review or (2) agency action is by law committed to agency discretion—

"(a) Rights of Review.—Any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute, shall be entitled to judicial review thereof." 5 U.S.C. § 1009(a).

The present appeal is from the dismissal of the complaint for failure to state a claim upon which relief could be granted.

Mrs. Rorothy Lott filed claims for benefits under Title II of the Social Security Act for herself and Lessie Lott Grooms, the minor child of Mrs. Lott's late husband, Spencer, and a woman named Phyllis Grooms. When the child was born, Spencer Lott was married to Rorothy Lott. Two weeks after its birth, Miss Grooms gave the child to Mr. and Mrs. Lott to raise as their own. At that time, Miss Grooms signed a notarized statement that she did not want to stand in the way of her child's having a good home with the father and his wife and that she gave the child to them to educate and adopt. Miss Grooms further stated that she would not interfere or do anything to cause trouble for the child. Before the Lotts had adopted the child, Mr. Lott died.

After Mrs. Lott's claim on behalf of the child was denied, she engaged appellant to represent her and the child in further pursuit of benefits. Appellant alleges that Mrs. Lott then agreed orally that his fee would be a contingent one-third of the amount ultimately recovered for her and on the child's behalf.

The issue was whether Lessie Lott was Mr. Lott's "child." Under Section 216 (h) (2) of the Act, 42 U.S.C. § 416(h) (2), the status of an illegitimate child whose parents have not subsequently married is determined by the intestate succession laws of the State in which the wage earner was domiciled at his death. Under Pennsylvania law, a child born out of wedlock who has not been adopted is not a "child" of the father for purposes of intestate succession. Frazier v. Oil Chemical Co., 407 Pa. 78, 179 A.2d 202 (1962). This Court has ruled, however, that the defect of a lack of legal adoption may be cured by an agreement on the part of the persons assuming custody to treat the child as their own. Kilby v. Folsom, 238 F.2d 699, 60 A.L.R.2d 1065 (3 Cir. 1956).

The denial of Mrs. Lott's claim had been based on the documents in the record without a hearing. At appellant's request and with him in attendance, a hearing, which lasted one hour and forty-five minutes, was held. As a result, the hearing examiner rendered a decision entitling Mrs. Lott to $3,100.00 in accrued benefits and $189.00 per month until the child reached eighteen years of age.

Appellant thereafter filed a petition with the hearing examiner requesting approval of a $5,000.00 fee.[3] Appellant submitted an itemization of the time he spent on Mrs. Lott's case—35½ hours spent by him and 2¼ hours by his secretary. He also pointed out that the total amount of monthly benefits which Mrs. Lott will receive until Lessie Lott reaches the age of 18 will approximate $33,000.00. The hearing examiner allowed a maximum fee to be charged by appellant of $250.00 and an additional $50.00 for costs claimed by appellant. The Secretary's Appeals Council affirmed the order of the hearing examiner and appellant brought this action.

The Secretary's authority for setting attorneys' fees for the representation of claimants before the Social Security Administration is contained in Section 206 of the Social Security Act, 42 U.S.C. § 406, which provides, in part:

" * * * The Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void. * * * "

Pursuant thereto, the Secretary promulgated a regulation, 20 C.F.R. § 404.-976, which provides, in part, as follows:

---

3. Appellant alleges that, upon receiving the hearing examiner's decision regarding Mrs. Lott's claim, he agreed to accept $5,-000.00 in lieu of the previously agreed upon contingent fee. Mrs. Lott, however, apparently told the hearing examiner that the agreed fee was $250.00.

"An attorney * * * may upon petition therefor and good cause shown charge and receive such fee for services rendered under Title II of the [Social Security] act before * * * a hearing examiner * * * as may be approved by such * * * hearing examiner * * * : Provided, That no such approval shall be required for charging or receiving a fee for such services in a total amount not greater than the following:

"Representation before * * * a hearing examiner and/or the Appeals Council only, $30.00; * * * This limitation shall be applicable whether the fee is paid by a party to the proceedings or by someone else."

Under the terms of the Social Security Act, appellant is entitled to a maximum fee of only $30.00. If he wishes to charge more, he must be prepared to show the Secretary good cause for doing so. Appellant's itemization of the time spent in the investigation, preparation and representation of the claims for benefits on behalf of Rorothy Lott and Lessie Lott Grooms amounted to "good cause" for the allowance of a higher fee than the $30.00 prescribed to be charged without approval. Appellant contends that, because no proper consideration was given to basic factors or guidelines usually taken into account in determining legal fees, the Secretary's decision is arbitrary, capricious and grossly inadequate. In this regard, the Court below stated:

"It should be noted, however, that the purpose of the Social Security Act is primarily for the economic benefit of those eligible claimants who would normally not otherwise be financially able to provide for themselves and those entrusted to their care. In light of this primary objective, it is not alarming that the fee allowed for legal services rendered on behalf of a claimant before the Social Security Administration would be less than the fee normally charged by a member of the legal profession for the same services in connection with some other legal proceeding."

It is apparent, however, from an examination of the statutes upon which this action is predicated, that the order of the hearing examiner setting a maximum fee of $250.00 in this case is not reviewable by the Court, because the setting of fees for representation of claimants before the Secretary is committed to that agency's discretion by Section 206 of the Social Security Act, and judicial review is therefore precluded by Section 10 of the Administrative Procedure Act. In Schilling v. Rogers, 363 U.S. 666, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960), the Supreme Court, applying the exception of Section 10, held that certain agency action under the Trading with the Enemy Act was unreviewable on the ground that it was committed by law to agency discretion. See also Ferry v. Udall, 336 F.2d 706 (9 Cir. 1964), cert. denied 381 U.S. 904, 85 S.Ct. 1449, 14 L.Ed.2d 286 (1965). While we do not reach the merits of the case, it is quite clear that, even if we were to assume that the fee allowed by the examiner was grossly inadequate and that his action in setting it was arbitrary and capricious and constituted an abuse of discretion, his order is nonetheless not reviewable. Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed.2d 788 (1958).

Under the terms of Section 206 of the Social Security Act and the Secretary's regulations pursuant thereto, appellant could properly be limited to charging and collecting a maximum fee of $30.00. Since his right to petition for approval of a higher fee is created by statute, any right to seek review of an administrative determination of such a petition must likewise be of statutory creation. No right has been violated in denying him judicial review of the hearing examiner's order. "It is within the power of Congress to provide the conditions under which an administrative proceeding may be reviewed in the courts and to determine their jurisdiction." Hobby v. Hodges, 215 F.2d 754, 757 (10 Cir. 1964).

The judgment of the District Court will be affirmed.