John W. GARDNER, Secretary of Health, Education and Welfare, Defendant, Appellant,

v.

Oscar MENENDEZ, Plaintiff, Appellee.

No. 6761.

United States Court of Appeals
First Circuit.

March 2, 1967.

Morton Hollander, Atty., Dept. of Justice, with whom John W. Douglas, Asst. Atty. Gen., Francisco A. Gil, Jr., U. S. Atty., and William Kanter, Atty., Dept. of Justice, were on brief, for appellant.

Harvey B. Nachman, San Juan, P. R., with whom Nachman & Feldstein, San Juan, P. R., was on brief, for appellee.

Before ALDRICH, Chief Judge, MARIS * and McENTEE, Circuit Judges.

ALDRICH, Chief Judge.

The single issue in this case is whether it was appropriate for the district court, as distinguished from the Secretary of Health, Education and Welfare, to determine and award plaintiff's counsel a fee ("out of, and not in addition to * * * the benefits payable") by virtue of section 206(b) (1) of the Social Security Act, 42 U.S.C. § 406(b) (1). No factual questions are involved. Plaintiff filed a claim for disability benefits

* By designation

and prosecuted it, unsuccessfully, pro se, through the Appeals Council. Thereafter he employed counsel, who filed a petition for review in the district court. The Secretary responded by moving for a remand. New administrative hearings were held, at which plaintiff's counsel continued to represent him. Eventually plaintiff recovered, administratively, the full amount of the benefits claimed. Counsel then moved in the district court for an allowance of fees for the representation before the agency and his motion was allowed.[1] The Secretary appeals.

█ Section 206(b) (1) was enacted in its present form in 1965, Pub.L. 89-97, 79 Stat. 403. Prior thereto it was held that under section 205(g), 42 U.S.C. § 405(g), the district court had implied power to award a fee. Sparks v. Celebreeze, 5 Cir., 1965, 342 F.2d 286. However, that case involved a fee for extensive court representation and did not raise the question whether the court's allowance might include payment for services at the agency level. On this we find section 206(b) clear and explicit.

"(b) (1) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow *as part of its judgment a reasonable fee for such representation* * * *."

"(2) Any attorney who charges, demands, receives, or collects for services rendered in connection with *proceedings before a court* to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty

of a misdemeanor * * *." (Ital. suppl.)

In our opinion this section codifies the implication which the court in *Sparks* found in section 205(g) and at the same time recognizes, expressly, the principle that a court is the appropriate one to determine the value of the services rendered before it, and by implication, that it is not for the court to determine the value of services rendered elsewhere.

█ For the services performed before the agency, the Secretary may award appropriate counsel fees. 42 U.S.C. § 406(a); 20 C.F.R. §§ 404.975-404.977a (1966).[2] Section 206(b) (1) does not expressly revoke this provision. We see no point in considering it revoked pro tanto by implication. On the contrary, we see every reason for continuing the principle that the agency before whom services were rendered should be the one to determine their value. To the extent that Robinson v. Celebrezze, W.D. S.C., 1965, 248 F.Supp. 149, holds to the contrary, we do not accept it.

█ There is nothing singular in the fact that counsel who appears in two forums should apply to each for the aliquot part of his total fee. That is common practice where counsel obtains in a district court, and in an appellate court, a separate award for his services before each.

The judgment of the district court is vacated. Counsel may, if so minded, apply to that court for an allowance for services in drafting and filing the complaint. For compensation for the balance of his services counsel must make application to the Secretary.

---

1. Concededly, counsel's claim included services in connection with the filing of the complaint in the district court, but concededly, also, the bulk of the work was done before the agency. The parties agree that the matter before us is the propriety of the court award for services rendered at the agency level.

2. We find no basis for counsel's statement to the district court, and seemingly accepted by it, that all an attorney can get from the Secretary is $50 a hearing. See Chernock v. Gardner, 3 Cir., 1966, 360 F.2d 257.