Morton E. SCHNEIDER, Plaintiff-
Appellant,

v.

Elliott RICHARDSON, Secretary of
Health, Education and Welfare,
Defendant-Appellee.

No. 20618.

United States Court of Appeals,
Sixth Circuit.

April 28, 1971.

McCree, Circuit Judge, filed dissenting opinion.

Morton E. Schneider, Detroit, Mich., for plaintiff-appellant; Kelman, Loria, Downing & Schneider, Detroit, Mich., on brief.

William D. Appler, Atty., Dept. of Justice, Washington, D. C., for defendant-appellee; William D. Ruckelshaus, Asst. Atty. Gen., Kathryn H. Baldwin, Atty., Dept. of Justice, Washington, D. C., James H. Brickley, U. S. Atty., Detroit, Mich., on brief.

Before McCREE, BROOKS and MILLER, Circuit Judges.

PER CURIAM.

Plaintiff-appellant, Morton E. Schneider, an attorney, represented a social security claimant at an administrative hearing who was awarded benefits in the amount of $11,233.70. He then filed a petition with the hearing examiner requesting approval of a $2,808.42 legal fee, being twenty-five percent of the benefits awarded. The hearing examiner allowed a fee of $500 and following an administrative appeal as authorized by 20 C.F.R. § 404.975(e), the Appeals Council affirmed. The appellant then brought this action in District Court seeking judicial review. He alleges that his client had agreed to pay him a twenty-five per cent contingent fee, and further that he was required to spend some fourteen hours in preparing and presenting his client's case and an additional two hours in preparing his own petition for a fee. He brands the fee award of the Secretary as an abuse of discretion because of its alleged inadequacy.[1]

The District Court dismissed the action on the grounds that it lacked jurisdiction. This appeal followed and raises the single issue of whether the Social Security Act precludes judicial review of legal fees awarded by the Secretary of Health, Education and Welfare to an attorney who has represented a social security claimant at the administrative level. We affirm the District Court's dismissal of the action.

Appellant contends that the Secretary's award of legal fees is judicially reviewable under 5 U.S.C. § 704 of the Administrative Procedure Act providing in part that "[a] gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. * * *" However, 5 U.S.C. § 701(a) of the Administrative Procedure Act clearly establishes two exceptions to the provisions for judicial review of agency action provided in Section 704. One exception is where "stat-

---

1. Because of our disposition of this case, we do not reach this issue.

utes preclude judicial review" and the other, directly on point in this case, is where "agency action is committed to agency discretion by law."

Section 206(a) [2] of the Social Security Act (42 U.S.C. § 406(a)) commits to the discretion of the Secretary of Health, Education and Welfare the setting of legal fees for administrative representation of social security claimants. In a factual situation similar to the present case in Chernock v. Gardner, 360 F.2d 257 (3rd Cir. 1966), it was held "* * * the setting of fees for representation of claimants before the Secretary is committed to that agency's discretion by Section 206 of the Social Security Act, and judicial review is therefore precluded by Section 10 of the Administrative Procedure Act. * * *" This decision in *Chernock* that the amount of an attorney's fee for services performed at the administrative level is a matter of discretion with the Secretary and is not subject to judicial review has been cited with approval in recent cases involving attorneys fees for representation in the district courts. Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971); Conner v. Gardner, 381 F.2d 497 (4th Cir. 1967); Robinson v. Gardner, 374 F.2d 949 (4th Cir. 1967); Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967).

Affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. I agree with the majority's delineation of the issues, but I do not agree that § 206(a) of the Social Security Act, 42 U.S.C. § 406(a), which provides that "the Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with any claim before the Secretary under this subchapter, * * *" is one of those "statutes [which] preclude[s] ju-

dicial review" under the Administrative Procedure Act, 5 U.S.C. § 701(a).

Clearly § 206 gives the Secretary discretion to set the maximum fees, but I do not read it as barring judicial review of his exercise of that discretion. The Administrative Procedure Act was enacted to provide uniformly for limited judicial superintendence of administrative agencies' discretionary powers. In accordance with the usual rule for statutory construction, the exceptions to this broad principle should, I believe, be construed narrowly, in order to accomplish the major purpose of the Act. This approach produces a result consistent with the view that judicial review "[r]ests on the congressional grant of general jurisdiction to the article III courts. It is a basic right; it is a traditional power and the intention to exclude it must be made specifically manifest". Jaffe, L., The Right to Judicial Review, 71 Harv. L.Rev. 401, 432 (19——). *See also* Schilling v. Rogers, 363 U.S. 666, 667–668, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960) (dissent). Here it seems to me that Congress has not explicitly and clearly indicated that it intended determination of attorney's fees in Social Security disability cases to be exempt from judicial review.

I am aware that this position is contrary to that taken in Chernock v. Gardner, 360 F.2d 257 (3d Cir. 1966), and other cases cited in the majority opinion. I observe, however, that *Chernock* was decided under a previous version of § 206, and that the Congress has since amended the statute in accordance with a policy of allowing higher fees. P.L. 90–248, § 173 (1968), 81 Stat. 821; U.S. Code, Cong. & Admin.News, 90th Cong., 1st Sess., at pp. 993–994. Moreover, the authorities cited by the *Chernock* court were not, in my opinion, apposite to the problem of statutory construction with

---

2. Section 206(a) of the Social Security Act provides in part " * * * [t]he Secretary may, by rule and regulation, prescribe the maximum fees which may be charged for services performed in connection with

any claim before the Secretary under this subchapter, and any agreement in violation of such rules and regulations shall be void."

which we are faced.[1]  I observe that three of the four cases cited in the majority opinion as following *Chernock* (Fenix v. Finch, 436 F.2d 831 (8th Cir. 1971); Conner v. Gardner, 381 F.2d 497 (4th Cir. 1967); Gardner v. Menendez, 373 F.2d 488 (1st Cir. 1967)) were concerned with the question whether attorney's fees for work done *in connection with judicial review* of the Secretary's decision on disability claims could be set by the District Court.  The seeming acceptance of the *Chernock* holding in these cases was thus dictum.

Of course, I do not suggest that we have the power to consider *de novo* the administrative decisions of the Secretary.  Only a clear abuse of discretion can justify our setting aside his decision.  Here, in my judgment, appellant has made allegations which, if true, would require a finding of clear abuse.  Appellant's client had made a previous application for disability benefits and it had been denied.  Appellant devoted 14 hours of legal work to this case, and converted what had been a worthless claim to one which netted his client approximately $11,000 in disability benefits.[2]  For this result the Secretary granted him a fee of $500—an amount roughly equal to the State Bar of Michigan's suggested minimum fee for hourly performance.  But attorney's fees should represent not only the amount of time expended but also the nature and extent of the result achieved.  Taking this into account, the award seems to me arbitrary and hence an abuse of the Secretary's administrative discretion.  Accordingly, I would remand the case to the District Court for entry of an order requiring the Secretary to set a reasonable fee.

---

1. Three cases were cited.  360 F.2d at 259.  Schilling v. Rogers, 363 U.S. 666, 80 S.Ct. 1288, 4 L.Ed.2d 1478 (1960), holds that the language and legislative history of the Trading With the Enemy Act show that Congress intended to preclude judicial review of the administrative disposition of claims by non-resident enemy aliens.  Panama Canal Co. v. Grace Line, Inc., 356 U.S. 309, 78 S.Ct. 752, 2 L.Ed. 2d 788 (1958), holds that the Canal Zone Code limits the reassessment of tolls to the exclusive discretion of the Panama Canal Company.  This case involved a highly technical cost-accounting determination, not a matter like the setting of attorney's fees with which courts have great familiarity.  Ferry v. Udall, 336 F.2d 706 (9th Cir. 1964), holds that the Isolated Tracts Act grants the Secretary of the Interior the sole right to cancel bids for the purchase of public lands.  These cases, with which I have no quarrel, clearly hold that Congress may grant administrative agencies unreviewable discretion to make certain kinds of technical and almost political determinations.  *See* Panama Canal Co., *supra*, 356 U.S. at 317–318, 78 S.Ct. 752.  But they cast little light on the question whether Congress intended to place the Secretary's discretion in setting attorney's fees in Social Security disability cases beyond judicial review.

2. It is undisputed that appellant specializes in representing personal injury, workmen's compensation, and social security claimants, and a legal task requiring 14 hours of his time might require a lawyer of less experience to expend considerably more time.