Steven B. HORENSTEIN, et al., Plaintiffs–Appellees,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant–Appellant.

Nos. 90–4028, 92–4302.

United States Court of Appeals, Sixth Circuit.

Argued June 15, 1994.

Decided Sept. 14, 1994.

James Roy Williams, Young & Reverman Company, Cincinnati, OH (argued and briefed), for plaintiffs-appellees.

Deborah Ruth Kant (argued and briefed), William Kanter, U.S. Dept. of Justice, Civ. Div., Appellate Staff, Washington, DC, Joseph E. Kane, Asst. U.S. Atty., Columbus, OH, for defendant-appellant.

Before: MERRITT, Chief Judge; KEITH, KENNEDY, MARTIN, JONES, MILBURN, NELSON, RYAN, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, and DAUGHTREY, Circuit Judges; and GUY,* Senior Circuit Judge.

RYAN, J., delivered the opinion of the court, in which MERRITT, C.J., KENNEDY, JONES, MILBURN, NELSON, BOGGS, NORRIS, SUHRHEINRICH, SILER, BATCHELDER, DAUGHTREY, JJ., and GUY, S.C.J., joined. MARTIN, J. (p. 263), delivered a separate concurring opinion, in which KEITH, J., joined.

RYAN, Circuit Judge.

The Secretary of Health and Human Services appeals a permanent injunction enjoining the Secretary from enforcing two administrative rulings that limit attorney fees to 25 percent of past-due benefits in social security cases resolved at the administrative level. We granted the Secretary's petition to hear this case *en banc* in order to resolve an apparent tension between the plain language of the statute governing the awarding of attorney fees in social security cases, 42 U.S.C. § 406, and this court's decision in *Webb v. Richardson,* 472 F.2d 529 (6th Cir. 1972).

This lawsuit was initiated by a class of attorneys in the Sixth Circuit who represent

* The Honorable Ralph B. Guy, Jr. assumed senior status on September 1, 1994.

social security disability claimants. They brought suit to enjoin the Secretary from enforcing two administrative rulings, Acquiescence Ruling 87–1(6) and Program Circular 87–122, which apply only to the Sixth Circuit and purport to implement our decision in *Webb*.

A federal statute empowers the Secretary and the federal courts to fix attorney fees for services performed in connection with work done in social security cases. 42 U.S.C. § 406. Section 406(a)(1) provides that in cases resolved at the administrative level, the Secretary may award a *reasonable fee* to compensate a successful claimant's attorney:

> [W]henever the Secretary, in any claim before him for benefits under this subchapter, makes a determination favorable to the claimant, he shall, if the claimant was represented by an attorney in connection with such claim, fix . . . a reasonable fee to compensate such attorney for the services performed by him in connection with such claim.

42 U.S.C. § 406(a)(1). Section 406(b)(1) provides that, for work done in a judicial proceeding, a court may award a prevailing claimant's attorney a *reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant:*

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1). Thus, under the statute, attorneys are entitled to a "reasonable fee" for work done before the administrative tribunal. For work done before the court, a claimant's attorney is entitled to a reasonable fee "not in excess of 25 percent" of the total past-due benefits awarded by the court.

This court held in *Webb* that:

> [T]he tribunal that ultimately upholds the claim for benefits is the only tribunal that can approve and certify payment of an attorney fee, and that the fee cannot exceed 25% of the past-due benefits awarded by that tribunal.

472 F.2d at 536. *Webb*'s "single tribunal rule," as it has come to be known, and its accompanying blanket 25 percent cap on fee awards, find little support in the language of the statute. Moreover, *Webb* is at odds with the decisions of seven other circuits interpreting the same statutory provision. *See, e.g., Smith v. Sullivan,* 986 F.2d 232, 233–34 (8th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 342, 126 L.Ed.2d 307 (1993); *Craig v. Secretary of Health & Human Services,* 864 F.2d 324, 326 (4th Cir.1989); *Harris v. Secretary of Health & Human Services,* 836 F.2d 496, 498 (10th Cir.1987); *Guido v. Schweiker,* 775 F.2d 107, 108–10 (3d Cir.1985); *MacDonald v. Weinberger,* 512 F.2d 144, 146 (9th Cir.1975); *Gardner v. Mitchell,* 391 F.2d 582, 583 (5th Cir.1968); *Gardner v. Menendez,* 373 F.2d 488, 490 (1st Cir.1967).

We overrule *Webb* and join the majority of circuits which hold that each tribunal may award fees only for the work done before it. We recognize that Congress made distinct and explicit provisions for a "reasonable fee" for work done before the Secretary under section 406(a)(1) and that there is no requirement that such an award be made from past-due benefits. Likewise, we recognize that section 406(b)(1) establishes a separate standard for awarding fees for work performed in cases decided by a judge and that those fees may not be "in excess of 25 percent of the total of the past-due benefits." Thus, for services performed before the Secretary, the Secretary is free to set a reasonable fee, except as otherwise provided in the statute, *see* 42 U.S.C. § 406(a)(2)(A). For services performed in a federal court where the court awards benefits, the attorney fee award is limited to 25 percent of past-due benefits. Finally, in cases where the court remands the case back to the Secretary for further proceedings, the court will set the fee—limited to 25 percent of past-due benefits—for the work performed before it, and the Secretary will award whatever fee the Secretary deems reasonable for the work performed on remand and prior administrative proceedings.

Accordingly, we conclude the district court erred in its determination that Acquiescence Ruling 87–1(6) and Program Circular 87–122 were inconsistent with *Webb;* plainly those administrative rulings complied with *Webb*'s single tribunal rule, which we now overrule. Furthermore, we hold that the district court abused its discretion in issuing a preliminary injunction, later made permanent, granting retrospective relief and ordering the Secretary to recompute attorney fees for section 406(a)(1) cases without regard to *Webb*'s blanket 25 percent cap. Indeed, until our decision today to overrule *Webb, Webb* imposed such a cap on attorney fees in all social security cases regardless of which tribunal made the award, and the Secretary's rulings comported with *Webb.*

Therefore, we **REVERSE** the district court's judgment, **VACATE** the permanent injunction, and **REMAND** the case to the district court for further proceedings consistent with this opinion.

BOYCE F. MARTIN, JR., Circuit Judge, concurring, joined by KEITH, Circuit Judge.

I join in the decision of the en banc Court overruling *Webb v. Richardson,* 472 F.2d 529 (6th Cir.1972). I write separately only to emphasize the predicament faced by practitioners handling social security cases. With the demise of our "single tribunal rule," attorneys who successfully appeal to this Court must seek fees in three separate tribunals—the agency, the district court, and this Court. While the Act clearly establishes this disjointed practice, it is my hope that Congress or the Secretary will eliminate some of the procedural hurdles these dedicated advocates now face.