64 F.3d 663
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine STEEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 95-1155.
 United States Court of Appeals, Sixth Circuit.
 July 27, 1995.
 
 Before: CONTIE, RYAN and SUHREINRICH, Circuit Judges.
 
 ORDER
 
 1
 Katherine Steen, proceeding pro se, appeals a district court judgment dismissing her lawsuit for lack of subject matter jurisdiction. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Steen filed a lawsuit against the Department of Health and Human Services (DHHS), its Secretary, the Social Security Administration (SSA), Administrative Law Judge (ALJ) Hathaway and Appeals Judge Barbara Johnson alleging a violation of the Model Penal Code, 18 U.S.C. Sec. 1111, "depraved heart murder" and the denial of her constitutional rights. She seeks to appeal SSA's award of attorney fees and the amount of disability benefits she was awarded.
 
 
 3
 By way of background, an ALJ found that Steen was disabled due to her mental impairments and she was awarded disability benefits. Steen was represented by an attorney at the administrative hearing. Steen's attorney requested attorney fees from SSA in the amount of $1,066.70 pursuant to 42 U.S.C. Sec. 406(a). See 20 C.F.R. Secs. 404.1700-404.1735. The initial attorney fees determination is subject to review by the regional chief ALJ, the authorized official in SSA to review attorney fees determinations. 20 C.F.R. Sec. 404.1720(d). The determination by the regional chief ALJ is not subject to further review. Id.
 
 
 4
 The ALJ approved the amount requested by Steen's attorney and Steen then requested a review of that decision by the regional chief ALJ. The regional chief ALJ approved the amount of attorney fees and found the amount was reasonable. Steen then requested a review of the regional chief ALJ's determination. Steen was sent a letter signed by defendant Barbara Johnson, an Administrative Appeals Judge, and the letter erroneously informed Steen that she could request a review of the decision by commencing a civil action in the United States District Court. Steen then filed her complaint which is the subject of this appeal.
 
 
 5
 A magistrate judge recommended granting the defendant's motion to dismiss for lack of subject matter jurisdiction. The district court accepted the recommendation of the magistrate judge and dismissed the case. On appeal, Steen's brief is construed as arguing those claims which she raised in the district court.
 
 
 6
 This court's review of a district court's dismissal of a complaint pursuant to Fed. R. Civ. P. 12(b)(1) is de novo. Ynclan v. Department of Air Force, 943 F.2d 1388, 1390 (5th Cir. 1991); Pohlmeyer v. Secretary of Health and Human Servs., 939 F.2d 318, 320 (6th Cir. 1991) (per curiam).
 
 
 7
 Upon review, we conclude that Steen's complaint is not subject to judicial review because she seeks a review of a favorable decision awarding her social security benefits; only those decisions which are unfavorable are subject to judicial review. 42 U.S.C. Sec. 405(g). In addition, Congress has specifically precluded judicial review of attorney fees determinations made by the Secretary. 42 U.S.C. Sec. 406(a)(3)(C); McCarthy v. Secretary of Health and Human Servs., 793 F.2d 741, 742 (6th Cir. 1986); Copaken v. Secretary of Health, Educ. and Welfare, 590 F.2d 729, 731 (8th Cir. 1979) (per curiam); Chernock v. Gardner, 360 F.2d 257, 259 (3d Cir. 1966). Therefore, the district court properly dismissed Steen's lawsuit for lack of subject matter jurisdiction.
 
 
 8
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.