**Dale BUCHANAN Plaintiff,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant.**

**Nos. 1:97CV–584, 1:98CV–180.**

United States District Court,
E.D. Tennessee,
at Chattanooga.

July 30, 1999.

Eric Buchanan, Chattanooga, TN, James R. Williams, Young, Reverman & Napier, Cincinnati, OH, for Plaintiff.

Carl Kirkpatrick, United States Attorney, Loretta S. Harber, Assistant United States Attorney, Knoxville, TN, for Defendant.

## MEMORANDUM

EDGAR, Chief Judge.

Plaintiff Dale Buchanan ("Buchanan") has sued the defendant Kenneth S. Apfel, Commissioner of Social Security ("Commissioner") asking this Court to review the reasonableness of the attorney fees awarded to Buchanan by the Commissioner in five cases,[1] and to grant injunctive relief requiring the Commissioner to calculate attorney fees in accordance with the applicable laws and regulations. The crux of Buchanan's argument is that the Commissioner has instituted a *de facto* system whereby attorney fees are automatically limited to no more than twenty-five percent of the back benefits a claimant receives. Under 42 U.S.C. § 406(a)(1), there is no such limit placed on the fee an attorney may recover, and the Social Security Administration ("SSA") regulations, 20 C.F.R. § 404.1725(b), provide that the Commissioner must calculate each attorney's fees by weighing several specified factors.

On February 11, 1999, the Magistrate Judge issued a report and recommendation (Court File No. 11) ruling on the Commissioner's motion to dismiss (Court File No. 5) for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). The Magistrate Judge modified his report and recommendation on February 17, 1999 (Court File No. 12) and recommended that the defendant's motion to dismiss be granted in part and denied in part as follows: the motion should be granted to the extent Buchanan seeks review of the reasonableness of the attorney fee awards in each of the five cases, and the motion should be denied to the extent that Bu-

---

1. Buchanan seeks judicial review of the fees the Commissioner awarded on behalf of the following claimants: Christine Anderson; Samuel Hall; and Wanda Roach, 1:97–cv–584; and Marjorie Collins and Jean Skelf, 1:98–cv–180.

chanan mounts a statutory and constitutional challenge to the Commissioner's method of awarding attorney fees.

The Commissioner has timely filed objections to the Magistrate's report. (Court File No. 18). The Commissioner challenges findings nos. 2, 3, and 4, and asserts that this Court does not have subject matter jurisdiction under either 28 U.S.C. § 1331 or under 28 U.S.C. § 1361 to adjudicate Buchanan's complaint. Buchanan does not raise any objections to the Magistrate's recommendation, and has responded to the Commissioner's objections. (Court File No. 20).

This Court reviews the Magistrate Judge's proposed findings and recommendations *de novo. Brown v. Wesley's Quaker Maid, Inc.,* 771 F.2d 952, 954 (6th Cir. 1985). Because there have been no objections to the Magistrate's finding that this Court is precluded from examining the reasonableness of the attorney fee awards in the five individual cases, the Court will **ACCEPT and ADOPT** this finding, and will **GRANT** the motion to dismiss on this issue. The Court will analyze that part of the Magistrate's opinion finding jurisdiction over Buchanan's statutory and constitutional challenge to the Commissioner's method for calculating attorney fees. This is the only part of the report and recommendation to which the Commissioner objects. For the reasons expressed herein, the Court will **REJECT** the Magistrate's finding that this Court has federal question and mandamus jurisdiction, and the Court will therefore **GRANT** the Commissioner's motion to dismiss in its entirety.

## I. Standard of Review

Rule 12(b)(1) motions to dismiss based on lack of subject matter jurisdiction generally come in two varieties. A facial attack on the subject matter jurisdiction alleged in the complaint merely questions the sufficiency of the pleading. In reviewing such facial attacks, a trial court takes the plaintiff's allegations in the complaint as being true, similar to a Rule 12(b)(6) motion to dismiss. *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir.), 513 U.S.

868, 115 S.Ct. 188, 130 L.Ed.2d 121 (1994); *Ohio National Life Insurance Co. v. United States,* 922 F.2d 320, 325 (6th Cir.1990); *Community Treatment Centers, Inc. v. City of Westland,* 970 F.Supp. 1197, 1205 (E.D.Mich.1997).

On the other hand, when a trial court considers a factual attack on the subject matter jurisdiction alleged in a complaint, there is no presumption of truthfulness that applies to the plaintiff's factual allegations. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134–35 (6th Cir.1996); *Ritchie,* 15 F.3d at 598; *Ohio National,* 922 F.2d at 325; *Community Treatment Centers,* 970 F.Supp. at 1205; *Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn.1992), *aff'd sub nom. Myers v. United States,* 17 F.3d 890 (6th Cir.1994). In the instant case, the Commissioner's motion to dismiss under Rule 12(b)(1) attacks the legal basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1361. The present Rule 12(b)(1) motion is a facial attack on the sufficiency Buchanan's complaint, not a factual attack, and the Court must take Buchanan's allegations as being true. The burden remains on plaintiff Buchanan to prove that this Court has subject matter jurisdiction in order to survive the Rule 12(b)(1) motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

## II. Analysis

### A. Federal Question Jurisdiction

The Commissioner has objected to findings 2, 3 and 4 of the Magistrate's report and recommendation. Findings 2 and 3 concern federal question jurisdiction, and those findings are that neither Sixth Circuit precedent nor 42 U.S.C. § 405(h) preclude judicial review of statutory and constitutional challenges to the Commissioner's fee determinations. The Court will first address the analysis of Sixth Circuit precedent.

### 1. Sixth Circuit Precedent

Two published Sixth Circuit cases have addressed the issue of whether the Social Security Act precludes judicial review of attorney fees awarded by the Commissioner for work completed at the administrative level. *Schneider v. Richardson*, 441 F.2d 1320 (6th Cir.1971); *McCarthy v. Secretary of Health and Human Services*, 793 F.2d 741 (6th Cir.1986).[2] The *Schneider* court held there was no subject matter jurisdiction for an appeal of the fee determination under the Administrative Procedure Act because judicial review is precluded where "agency action is committed to agency discretion by law." *Schneider*, 441 F.2d at 1321. In *McCarthy*, the plaintiff attorney challenged the procedure by which the Secretary of Health and Human Services paid his fee out of past due benefits. The *McCarthy* court likewise held there was no subject matter jurisdiction which would permit judicial review of the fee determination, citing *Schneider* and noting that "we are aware of no other statutory basis for judicial review of a fee determination made by the Secretary." *McCarthy*, 793 F.2d at 743.

Clearly, the *Schneider* and *McCarthy* cases do preclude any judicial review of the amount of fees awarded in individual cases. However, Buchanan asserts that he is not challenging the amount of the fee the Commissioner awarded him, but rather is challenging the method by which the Commissioner determined his fee. Specifically, Buchanan argues that the Commissioner automatically caps fees at 25%, and this contravenes the Fifth Amendment Due Process Clause of the Constitution; the statutes and regulations governing the award of attorney fees under the fee petition method, 42 U.S.C. § 406(a)(1), 20 C.F.R. § 404. 1725,[3] and Sixth Circuit caselaw, *Horenstein v. Secretary of Health and Human Services*, 35 F.3d 261 (6th Cir.1994).[4]

The Magistrate did not address whether Buchanan had stated a constitutional claim. In *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984), the Supreme Court addressed the characterization of the plaintiffs' claims. In *Ringer*, the plaintiffs contended that they were not asserting a claim for benefits. Rather, they were challenging on constitutional and statutory grounds the policy of prohibiting payment for the bilateral carotid body resection (BCBR) procedure. At issue was an administrative instruction to

---

**2.** One unpublished Sixth Circuit case has also considered this issue. *Steen v. Secretary of Health and Human Services*, 64 F.3d 663, 1995 WL 452274 (6th Cir. July 27, 1995). The *Steen* court held that "Congress has specifically precluded judicial review of attorney fees determinations made by the Secretary." *Steen*, 1995 WL 452274, at *2 (*citing* 42 U.S.C. § 406(a)(3)(C) and *McCarthy*, 793 F.2d at 742). To the extent the *Steen* court relied on § 406(a)(3)(C), the *Steen* holding would be inapplicable to Buchanan's claim because § 406(a)(3)(C) applies to the expedited fee provision, § 406(a)(2), and not to the fee petition provision, § 406(a)(1), at issue in this case. The distinction between the expedited fee provision and the fee petition provision is further discussed *infra* at note 3.

**3.** There are two methods by which attorneys can seek to have the Commissioner determine their fees. The fee petition method at issue in this case is governed by 42 U.S.C. § 406(a)(1). Under the fee petition method, attorney fees need not be awarded from past due benefits,

and there is no limit to the fee an attorney may be awarded. The only requirement for attorney fees under § 406(a)(1) is that the fee be reasonable. The regulations enumerate several factors to be considered in arriving at a reasonable fee. 20 C.F.R. § 404.1725. The expedited fee method is governed by 42 U.S.C. § 406(a)(2). Under the expedited fee method, an attorney may recover a maximum amount of 25% of past due benefits awarded the claimant or $4,000, whichever amount is the lesser. The expedited fee method explicitly allows for one administrative appeal and for no further review of the fee determination. 42 U.S.C. § 406(a)(3).

**4.** In *Horenstein*, the Sixth Circuit overruled *Webb v. Richardson*, 472 F.2d 529 (1972), and held that under 42 U.S.C. § 406(a)(1) there is no requirement that attorney fees be awarded from past-due benefits, nor is there any percentage based limitation on the amount of fee which can be awarded. *Horenstein*, 35 F.3d at 262.

fiscal intermediaries and a formal administrative ruling, binding on all administrative law judges ("ALJs") that prohibited authorizing payment for the BCBR procedure. The plaintiffs asserted that both the instruction and the ruling violated constitutional due process and numerous statutory provisions.

The Supreme Court agreed with the District Court's reasoning that essentially the plaintiffs' claim was a claim of entitlement to benefits for the BCBR procedure, and that any procedural challenge to the instruction and the ruling was "inextricably intertwined" with the claim for benefits. *Id.* at 611, 614, 104 S.Ct. 2013. The Supreme Court reasoned that "[i]t seems to us that it makes no sense to construe the claims of [the plaintiffs] as anything more than, at bottom, a claim that they should be paid for their BCBR surgery." *Id.* at 614, 104 S.Ct. 2013. The Supreme Court also noted that in light of the characterization of the plaintiffs' claims as claims for benefits, whatever constitutional claims the plaintiffs assert "are clearly too insubstantial to support subject-matter jurisdiction." *Id.* at 609 n. 4, 104 S.Ct. 2013 (*citing Hagans v. Lavine,* 415 U.S. 528, 536–38, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974)).

The nature of Buchanan's claim makes this case subject to the Supreme Court's reasoning in *Ringer.* At bottom, Buchanan disputes the amount the Commissioner determined to be a reasonable fee. He has failed to state a constitutional claim. Buchanan has not specified whether he is asserting a procedural due process claim or a substantive due process claim. The Court will briefly analyze both.

▮ The first step in analyzing any procedural due process claim is to determine whether there exists a property or liberty interest which has been interfered with by the State. *Kentucky Department of Corrections v. Thompson,* 490 U.S. 454, 460, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989) (citations omitted); *Pusey v. City of Youngstown,* 11 F.3d 652, 656 (6th Cir. 1993), *cert. denied* 512 U.S. 1237, 114 S.Ct.

2742, 129 L.Ed.2d 862 (1994). The federal Constitution does not create property interests. Rather, property interests "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law ...." *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). To have a property interest in a benefit, "a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." *Id.; see also International Union, United Auto., Aerospace & Agr. Implement Workers of America, Local 737 v. Auto Glass Employees Federal Credit Union,* 72 F.3d 1243, 1251 (6th Cir.1996); *Mertik v. Blalock,* 983 F.2d 1353, 1359 (6th Cir.1993).

▮ Buchanan received a fee in each of the five cases of approximately 25% of the past due benefits awarded to each claimant. There is no cap provided as to what constitutes a reasonable fee under § 406(a)(1), and for this reason, a reasonable fee could be less than 25%, equal to 25%, or greater than 25%. Only in the event that Buchanan was in fact entitled to a fee that was greater than 25% would he have suffered a deprivation of income. Buchanan's "entitlement" to a fee greater than 25% is more in the nature of a unilateral expectation than a legitimate entitlement guaranteed to Buchanan by law. The only fee to which Buchanan is legally entitled is whatever fee the Commissioner determines to be reasonable under § 406(a)(1). In the five cases before the Court, the Commissioner has determined 25% to be such a reasonable fee, and Buchanan having received such fee arguably has been deprived of no income. Even if Buchanan has been deprived of additional income above and beyond the 25% he has been awarded, the Sixth Circuit has stated that "not all cases in which a plaintiff's 'means of livelihood' are negatively affected will implicate protected property inter-

ests." *Mertik*, 983 F.2d at 1361. Thus, while Buchanan may have been deprived of additional income to which he was entitled, this deprivation does not rise to the level of a protected property interest under the Constitution.

Even if the deprivation of additional income did rise to the level of a protected property interest, Buchanan's procedural due process rights were not violated. He appealed the initial fee determination, and the Chief ALJ reviewed the determination, awarding Buchanan additional fees in two of the five cases. Buchanan has been given notice and an opportunity to be heard, and his procedural due process rights, to the extent he is entitled to any, have been satisfied.

 Substantive due process claims are usually divided into two main categories: (1) claims asserting a deprivation of a particular right, privilege or immunity secured by the United States Constitution or by federal statute; and (2) claims alleging an egregious, arbitrary abuse of government power that "shocks the conscience." *Pusey v. City of Youngstown*, 11 F.3d 652 (6th Cir.1993); *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir.1993). As stated above, Buchanan has not been deprived of a constitutionally protected property interest, nor has he been deprived of any right guaranteed to him by federal statute. He has received a fee, only not in as great an amount as he would have preferred. Accordingly, Buchanan cannot state a substantive due process claim under the first category. Under the second category, even if Buchanan should have been awarded more than the 25% fee he received, the Commissioner's alleged failure to award him the additional fee hardly constitutes an egregious abuse of power. Buchanan has failed to state a substantive due process claim.

Buchanan's claim is a dispute over the amount of fees he has been awarded. Buchanan has not stated a constitutional claim, and any statutory challenge presented by Buchanan's claim is so inextricably bound to analysis of the reasonableness of

the fee awarded that *Schneider* and *McCarthy* preclude jurisdiction over the claim. The Court also notes that *Horenstein* does not prohibit the Commissioner from awarding fees which amount to twenty-five percent of a claimant's past due benefits. Rather, *Horenstein* simply overruled Sixth Circuit precedent which previously required the Commissioner to cap his fee determination under § 406(a)(1) at twenty-five percent. *Horenstein*, 35 F.3d at 262. Because Buchanan's claim is properly characterized as one disputing the reasonableness of the fee awarded by the Commissioner, and not as a statutory or constitutional challenge, this Court is clearly without subject matter jurisdiction to hear his suit under Sixth Circuit precedent. For this reason, the Court will REJECT finding number two.

### 2. 42 U.S.C. § 405(h)

Section 405(h) unequivocally precludes subject matter jurisdiction under § 1331:

**(h) Finality of Secretary's decision**

The findings and decision of the Secretary after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

In *Ringer*, the Supreme Court held that § 405(h) precluded federal-question jurisdiction regardless of how the plaintiffs characterized their claims. *Ringer*, 466 U.S. at 614, 104 S.Ct. 2013. The Supreme Court reasoned that under § 405(h), the only means for judicial review was through § 405(g), which required claimants to first exhaust administrative remedies before seeking judicial relief. *Id.* at 615, 104 S.Ct. 2013. Because the plaintiffs claims "arose" under the Medicare Act, federal

question jurisdiction was barred by § 405(h). *Id.* at 615–16, 104 S.Ct. 2013.

The Supreme Court carved out an exception to § 405(h) preclusion in *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). *Michigan Academy* concerned the statutory and constitutional validity of certain regulations promulgated under Part B of the Medicare Act. The Supreme Court held that Congress did not intend a statutory bar to judicial review of Medicare awards to encompass substantial statutory and constitutional challenges. *Id.* at 681, 106 S.Ct. 2133. The *Michigan Academy* Court reasoned that this disposition avoided the "serious constitutional question" that would be presented if the statute were construed to deny a judicial forum for constitutional claims.

■ As discussed *supra,* Buchanan's claim is in essence a claim concerning the reasonableness of his fee. Buchanan has not mounted a substantial statutory or constitutional challenge because he has not been deprived of any constitutionally protected property right, and any purported constitutional claim he asserts is insubstantial at best. Because the Court does not construe Buchanan's claim as a constitutional claim, the *Michigan Academy* exception does not apply, since there is no "serious constitutional question" presented here by denying Buchanan a judicial forum.

■ Alternatively, even if Buchanan's claim were construed as presenting a facially constitutional challenge, there is clear and convincing evidence that Congress intended to preclude judicial review of attorney fees awarded by the Commissioner for work completed at the administrative level. Regulations have been in place for at least ten years which preclude judicial review of all fee determinations made by the Commissioner. The Commissioner cites 20 C.F.R. § 404.903(f) which provides as follows:

§ 404.903 **Administrative actions that are not initial determinations.** Administrative actions that are not ini-

tial determinations may be reviewed by us, but they are not subject to the administrative process provided by this subpart, and they are not subject to judicial review. These actions include, but are not limited to, an action—

. . . . .

(f) Determining the fee that may be charged or received by a person who has represented you in connection with a proceeding before us....

Regulations governing administrative fee awards also specifically state that a fee determination may be appealed to the Chief Administrative Law Judge, and that after this administrative appeal, the "determination is not subject to further review." 20 C.F.R. §§ 404.1720(d)(1) and 416.1520(d)(1). Congress was aware of these regulations at the time the expedited fee provisions were added to § 406(a), and the administrative appeals process and preclusion of judicial review in § 406(a)(3) is identical to the interpretation given to § 406(a)(1) by the Commissioner in his regulations. Had Congress wished to provide judicial review of fee determination under the fee petition provision, Congress could have amended the statute to do so. There are ample inferences of intent to overcome any presumption favoring judicial review. This constitutes clear and convincing evidence which overcomes the presumption that Congress did not mean to prohibit judicial review of administrative action.

The Magistrate's report noted that two cases have considered whether § 405(h) applies to attorneys, and that those cases have held that § 405(h) does not apply because attorneys are not "parties" to the administrative action on which their fee is based, nor are attorneys entitled to a hearing before the Commissioner concerning their fees. *Guadamuz v. Bowen,* 859 F.2d 762, 767 (9th Cir.1988); *Thomason v. Schweiker,* 692 F.2d 333, 335 (4th Cir. 1982). However, the report reasons that it is arguable that *Guadamuz* and *Thomason* were abrogated by *Ringer,* wherein the

Supreme Court gave an expansive interpretation of § 405(h). The Court agrees that *Ringer* likely abrogated *Guadamuz* and *Thomason*. Accordingly, because Buchanan's claim cannot be characterized as a constitutional claim, the *Michigan Academy* exception does not apply, and his claim is precluded by § 405(h). Alternatively, if Buchanan has presented a facial constitutional challenge, there is clear and convincing evidence that Congress did intend to prohibit judicial review, and this overcomes the presumption favoring judicial review. The Court will **REJECT** finding number 3.

## B. Mandamus Jurisdiction

Whether mandamus jurisdiction is available for claims arising under the Social Security Act remains an open question. *Your Home Visiting Nurse Services, Inc., v. Shalala*, 525 U.S. 449, 119 S.Ct. 930, 935 n. 3, 142 L.Ed.2d 919 (1999); *Michigan Assoc. of Homes and Services for the Aging, Inc. v. Shalala*, 127 F.3d 496, 503 (6th Cir.1997). Section 405(h) mentions the preclusion of jurisdiction under § 1331 and § 1346 of Title 28, but does not address mandamus jurisdiction, 28 U.S.C. § 1361. In *Your Home*, the Supreme Court found it unnecessary to resolve this question because, even assuming that mandamus jurisdiction were available, the petitioner failed meet the second prerequisite for mandamus jurisdiction by showing the existence of a "clear nondiscretionary duty." *Id.* Likewise, in the instant case, Buchanan has failed to show that the Commissioner has violated a "clear nondiscretionary duty," and the Court cannot exercise mandamus jurisdiction over his claim.

In order to assert mandamus jurisdiction, Buchanan must show (1) that he has exhausted all available administrative remedies; and (2) that the Commissioner has violated a "clear, nondiscretionary duty" owed to Buchanan. *Ringer*, 466 U.S. at 616, 104 S.Ct. 2013; *Michigan Association of Homes*, 127 F.3d at 503. It is undisputed that Buchanan has exhausted all his administrative remedies. However, the Commissioner asserts that Buchanan cannot establish the second prerequisite because the determination of what constitutes a reasonable attorney fee is discretionary. Buchanan asserts that the Commissioner does owe him a "clear nondiscretionary duty" because the Commissioner has a duty to apply 20 C.F.R. § 404.1725(b) and to weigh certain factors in arriving at a reasonable attorney fee. Buchanan asserts that the Commissioner violated this duty because the Commissioner did not weigh these factors, but rather applied an automatic twenty-five percent fee cap.

Again, the essence of Buchanan's dispute centers around the reasonableness of his attorney fee. The award of attorney fees under § 406(a)(1) clearly is discretionary, and the Commissioner does not owe Buchanan a "clear nondiscretionary duty." Thus, mandamus jurisdiction is not warranted here. The Court will **REJECT** finding number 4.

An order will enter.

## ORDER

For the reasons discussed in the accompanying memorandum filed herewith, it is hereby **ORDERED** that the report and recommendation filed by the Magistrate (Court File Nos. 11 and 12) is **ACCEPTED IN PART and REJECTED IN PART** as follows:

(1) The finding that the Court has no subject matter jurisdiction to review the reasonableness of attorney's fees is **ACCEPTED**; and

(2) The findings that the Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1361 to review statutory and constitutional challenges to the fee determinations is **REJECTED**.

The motions to dismiss filed by the defendant (Court File No. 5, Civil Case No. 1:98–cv–180, and Court File No. 11, Civil Case No. 1:97–cv–584) are **GRANTED**, and the plaintiff's case is **DISMISSED** for

lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1).

SO ORDERED.