**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 16a0216n.06

Case No. 15-6027

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| LOIS LANE, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellant, | ) | Apr 20, 2016 |
| | ) | DEBORAH S. HUNT, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| COMMISSIONER OF SOCIAL SECURITY, | ) | THE EASTERN DISTRICT OF KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

BEFORE: SILER, SUTTON, and STRANCH, Circuit Judges.

**SILER**, Circuit Judge. Plaintiff Lois Lane's attorney Wolodymyr Cybriwsky[1] appeals the district court's denial of his motion pursuant to Federal Rule of Civil Procedure 59(e) for relief from the district court's prior order denying his motion for attorney's fees.[2] For the following reasons, we **AFFIRM**.

---

[1] Although Cybriwsky is not technically a party to the litigation, he is the real party in interest, as he challenges the district court's order denying his motion for attorney's fees. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). For simplicity's sake, this opinion will follow the district court in directing its remarks to Cybriwsky himself.

[2] Although the notice of appeal only refers to the order denying the Rule 59(e) motion, "as a general matter, the appeal from the denial of a Rule 59(e) motion is treated as an appeal from the underlying judgment" as well. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 833 (6th Cir. 1999).

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In 2007, an administrative law judge denied Lane's application for disability benefits and Supplemental Security Income. In 2010, the Appeals Council denied Lane's request for review, but later that year it vacated its denial of the request for review for the purpose of further administrative proceedings. Unaware of the Appeals Council's 2010 decision, Lane filed her complaint in 2012 in the district court. Before the Commissioner filed an answer, however, Lane filed a motion to dismiss the appeal without prejudice, indicating that she had just learned of the Appeals Council's 2010 order and that the claim was still pending with the Appeals Council. In 2013, the district court granted her request for voluntary dismissal, dismissing the complaint without prejudice and holding the parties responsible for their respective attorney's fees and costs.

Following the dismissal, Lane's attorney Cybriwsky filed a motion for attorney's fees under 42 U.S.C. § 406(b). Noting that the Commissioner issued a fully favorable administrative decision, Cybriwsky requested $6,000 in attorney fees for 22.2 hours of work performed before the district court prior to the dismissal of the complaint. The district court denied the motion, since Lane's success at the administrative level was not the result of a judgment or remand from the district court. Moreover, the district court found that "it would be unreasonable to compensate Cybriwsky for the time spent erroneously pursing the claims in th[at] forum."

Cybriwsky subsequently filed a motion for relief pursuant to Rule 59(e), asserting that Lane's motion to dismiss was a "*de facto* sentence six remand" under 42 U.S.C. § 405(g) that should support the award of fees, because it supposedly resulted in the Appeals Council's vacating its 2010 denial of Lane's request for review and in Lane's favorable administrative decision. The district court denied the motion, determining that it "consist[ed] entirely of re-

argument" and "d[id] not present newly discovered evidence or a change in controlling law that compels such a conclusion."

## STANDARD OF REVIEW

This court reviews a district court's denial of a Rule 59(e) motion to alter or amend a judgment for abuse of discretion. *Shuler v. Garrett*, 743 F.3d 170, 172 (6th Cir. 2014). This court also reviews a district court's denial of attorney's fees under § 406(b) for abuse of discretion. *Damron v. Comm'r of Soc. Sec.*, 104 F.3d 853, 856 (6th Cir. 1997). "Statutory interpretation, however, is subject to *de novo* review." *Riley v. Kurtz*, 361 F.3d 906, 910–11 (6th Cir. 2004).

## DISCUSSION

"Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc.*, 178 F.3d at 834 (citations omitted). However, "Rule 59(e) . . . does not permit parties to effectively 're-argue a case.'" *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)). In the instant case, the district court properly denied the Rule 59(e) motion because it merely relitigated Cybriwsky's prior arguments and failed to demonstrate that the district court made a clear error of law or fact in denying the § 406(b) motion for attorney's fees.

Under 42 U.S.C. § 406(b)(1)(A),

> [w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

Referred to as "a prevailing claimant's fees" by the Supreme Court, *Gisbrecht*, 535 U.S. at 792, the plain language of the statute dictates that a court must "render[] a judgment favorable to a

claimant" to justify any award of attorney's fees. However, a district court may also award court-related fees even where the award of benefits was made by the Commissioner upon remand. *See Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).

Upon Lane's filing of a voluntary motion for dismissal because "th[e] claim [wa]s still pending under review with the Appeals Council," the district court dismissed the case without prejudice. Although the Commissioner played no role in Lane's unilateral request for dismissal, Cybriwsky argues that the circumstances that followed (*i.e.*, Lane's subsequent favorable administrative decision) rendered the dismissal a "*de facto* sentence six remand" under 42 U.S.C. § 405(g)—a provision that contemplates that a "court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case . . . for further action by the Commissioner." Because of this supposed "*de facto* sentence six remand," Cybriwsky asserts that Lane should be considered a "prevailing party" in this litigation and he should be entitled to attorney's fees.

As the district court aptly determined, Cybriwsky's arguments are without merit. To begin with, the Commissioner never filed a motion to remand for further administrative action, and the district court did not reverse for payment or remand the case under sentence six of § 405(g). Moreover, Cybriwsky has failed to provide a single case suggesting that either § 406(b) or § 405(g) empowers a district court to award attorney's fees when the dismissal of a case is unrelated to the merits or ultimate outcome of the claims. Nor does he cite any case law defining what he terms a "*de facto* sentence six remand" or indicating that such a resolution would constitute a favorable judgment warranting fees under § 406(b).[3] And finally, Cybriwsky has

---

[3] The few cases that Cybriwsky does cite do not concern attorney's fees under § 406(b) or awarding fees after a dismissal under Rule 41, but rather address awarding fees under the Equal

failed to establish that his services in this nascent litigation had any bearing on the subsequent administrative proceedings—particularly when the suit's conception came as a result of mistaken belief in the finality of the Appeals Council's determination, Lane's complaint consisted of two pages with no legal arguments, and the litigation terminated upon Lane's own filing of a motion for voluntary dismissal.

Accordingly, the district court did not abuse its discretion in denying Cybriwsky's § 406(b) motion for attorney's fees. Given that Cybriwsky failed to establish "a clear error of law, newly discovered evidence, an intervening change in controlling law, or [the need] to prevent manifest injustice," *GenCorp, Inc.*, 178 F.3d at 834 (citations omitted), the district court did not abuse its discretion in denying his Rule 59(e) motion either.

**AFFIRMED.**

---

Access to Justice Act. Though tangentially related to issues in the instant case, these cases do not avail Cybriwsky.